IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS DORAN BARLEY | ) | CASE NO.  4:10CV0727 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE   KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

Petitioner *pro se* Marcus Doran Barley ("Barley"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF 1). He has also filed a Motion to Proceed *In Forma Pauperis* (ECF 3), a Motion for Order Directing Respondent to Show Cause (ECF 4), a Motion for Order to Supplement the Record (ECF 5), a Motion for Rule 201(d) Request for Mandatory Judicial Notice (ECF 6), and a Motion to Set Aside Plea Agreement (ECF 7). For the reasons set forth below, all of Barley's pending Motions are Denied.

Barley pled guilty in the United States District Court for the Middle District of North Carolina to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(b)(1)(A) and 846. He was sentenced to a term of imprisonment of 151 months. *U.S. v. Barley*, Case No. 1:07CR200-17. Barley appealed to the United States Court of Appeals for the Fourth Circuit which affirmed the district court. *United States v. Barley*, 343 Fed. Appx. 944 (4th Cir. 2009).

Barley presents the following two claims in his current Petition:

1. Whether the warden is executing a void judgment that was rendered without definite written statement of the essential facts constituting the specific standing of

>the Plaintiff [sic] as required by Rule 7 of the Fed. R. Crim. P. and the Fifth Amendment Grand Jury provision.
>2. Whether the warden is executing a judgment that is void because it was rendered in violation of the Sixth Amendment counsel provision because the court was not completed [sic] because counsel did not render effective assistance of counsel for several reasons..

He requests a complete dismissal of a void judgment and immediate release from confinement. Barley asserts a § 2241 petition is appropriate because the issues raised in this Petition were not presented in his appeal, and they attack the execution of a judgment and not the imposition of his sentence.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment recommended by the Judicial Conference in 1948, and thus currently provides in the fifth paragraph, that:

>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be

filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

While § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," *accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997), that exception is not applicable here. It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Thus, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Barley is challenging his conviction and the fact that a sentence was imposed upon him in the Middle District of North Carolina, not the execution of or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94).

Barley is arguing that, because the district court lacked jurisdiction over his case and, his counsel was ineffective, he should not have been convicted or sentenced. None of his grounds for relief pertain to the execution of his sentence. Absent very limited circumstances which are not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi,* 135 F.3d at 1123). There is no indication that a § 2255 motion would have been inadequate or ineffective, had it been asserted, to test the legality of his detention in order to bring a § 2241 action.  This § 2241 Petition cannot be a substitute for a proper motion under § 2255.

Barley has also filed a Motion for Order Directing Respondent to Show Cause (ECF 4), a Motion for Order to Supplement the Record (ECF 5), a Motion for Rule 201(d) Request for Mandatory Judicial Notice (ECF 6), and a Motion to Set Aside Plea Agreement (ECF 7). Since the Petition is dismissed, these Motions are Moot and are Denied..

Accordingly, Barley's Motion to Proceed *In Forma Pauperis* is **GRANTED**. (ECF 3). His Motions for Order Directing Respondent to Show Cause (ECF 4), for Order to Supplement the Record (ECF 5), for Rule 201(d) Request for Mandatory Judicial Notice (ECF 6), and to Set Aside Plea Agreement (ECF 7) are **DENIED**. This action is **DISMISSED**. *See* 28 U.S.C. § 2243.[1] The

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                            **s/ Kathleen M. O'Malley**
                                            JUDGE KATHLEEN M. O'MALLEY
                                            UNITED STATES DISTRICT JUDGE

DATED: May 28, 2010